NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE REMEDIOS HERNANDEZ-LOPEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-1954 <br><br> Agency No. <br> A205-591-548 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2026**
Phoenix, Arizona

Before: CLIFTON, BYBEE, and MILLER, Circuit Judges.

Petitioner, Jose Remedios Hernandez-Lopez, a native and citizen of Mexico,

seeks review of a Board of Immigration Appeals (BIA) order denying his appeal

from an immigration judge's (IJ) decision that denied his application for

cancellation of removal. The IJ reasoned, and the BIA agreed, that Petitioner

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

failed to demonstrate the requisite hardship to his qualifying relatives under the statute. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"The application of a statutory legal standard (like the exceptional and extremely unusual hardship standard) to an established set of facts is a quintessential mixed question of law and fact," and thus "reviewable under [8 U.S.C.] § 1252(a)(2)(D), which gives Courts of Appeals jurisdiction to review 'questions of law.'" *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). The applicable standard in such cases is the "substantial evidence standard of review." *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1002 (9th Cir. 2025). Under that deferential standard, the agency's determinations are upheld unless the evidence compels a contrary conclusion. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

Cancellation of removal requires an "exceptional and extremely unusual" hardship to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). Substantial evidence supports the agency's determination that the harm to Petitioner's two U.S. citizen children if he were removed to Mexico does not meet that standard. First, Petitioner testified that none of his children suffered from any medical condition, which weighs against a finding of hardship. *Cf. Gonzalez-Juarez*, 137 F.4th at 1006 (finding "instructive" the BIA's example that "a qualifying child 'with very serious health issues'" could satisfy the requisite standard of hardship). Second, in

Petitioner's case, because both of his qualifying children live in Mexico, his removal to that country would in fact have the consequence of reuniting him with his children, which weighs considerably against any finding of hardship. Third, although Petitioner faces potential financial hardship if removed, he is not without assets that he may transfer to Mexico. In view of that fact, the agency did not err when it determined that the financial hardship Petitioner is likely to face in the event of removal did not differ appreciably from others in similar circumstances, let alone demonstrate "exceptional and extremely unusual hardship."

Nor do Petitioner's allegations that the agency committed various legal errors have any merit. First, Petitioner contends that the BIA "failed to apply the totality-of-the-circumstances standard," but the record belies this claim, as the agency explicitly concluded that the IJ "properly considered the totality of the circumstances." Second, Petitioner argues that, by considering the possibility that Petitioner could transfer his assets to Mexico as an ameliorating factor, the agency engaged in impermissible conjecture. But, in affirming the IJ, the BIA acknowledged the financial hardship Petitioner would face and still reasoned that such hardship "was not shown to be substantially different from, or beyond, that which would ordinarily be experienced when a parent is removed from the United States." Third, while Petitioner contends that the BIA "further erred in diminishing the hardship to [Petitioner's son] because he was now 22," this claim

has no merit.  While the BIA did acknowledge that Petitioner's son was 22 years of age and therefore no longer a qualifying relative within the meaning of the statute on cancellation of removal, the agency still "[took] into account the hardship to [Petitioner's] eldest child" and found that he failed to meet the requisite showing of hardship.

Accordingly, substantial evidence supports the agency's denial of Petitioner's application for cancellation of removal, and the agency did not commit any reversible legal error.

The motion to stay removal, Dkt. Nos. 3, 8, is hereby denied.

**PETITION DENIED.**